**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID J. SCOTT and PAMELA SCOTT,** | : | |
| | : | **CIVIL ACTION NO.:** |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| **ANDREW P. PETERSON and SYSCO** | : | |
| **LEASING LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL OF ACTION

Defendant, Sysco Leasing, LLC, by and through its attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1.      Plaintiffs initiated this action by filing a Complaint on or about August 23, 2017, in the Philadelphia County, Court of Common Pleas. See, a true and correct copy of the Complaint attached hereto as Exhibit "A".

2.      According to the Complaint, plaintiffs are residents and citizens of Pennsylvania. See Ex. A at ¶¶1-2.

3.      Defendant, Sysco Leasing, LLC is a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas.

4.      Sysco Leasing, LLC has two members, Russell T. Libby and Carmen Ng, who are residents and citizens of the State of Texas.

5.      Defendant, Sysco Leasing, LLC, was served with the Complaint no earlier than September 20, 2017.

6.      Plaintiff has not yet filed an Affidavit of Service as to Defendant, Sysco Leasing, LLC.

7.      Defendant, Andrew P. Peterson (hereinafter referred to as "Andrew Peterson") is alleged in the Complaint to be a resident and citizen of Delaware.  See Ex. A at ¶¶3.

8.      Plaintiff has not yet filed an Affidavit of Service as to Defendant, Andrew Peterson.

9.      According to the allegations of the Complaint, this action arises out of a January 28, 2016 motor vehicle accident wherein the Plaintiff allegedly sustained injuries. See, Ex. A at ¶8.

10.     The Complaint was the first pleading, motion, order or other paper from which it was ascertainable that the case was one which was removable.

11.     Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

12.     The citizenship of Plaintiffs and Defendants are diverse within the meaning of 28 U.S.C. §1332 in that:

        a)      Plaintiffs are residents and citizens of the Commonwealth of Pennsylvania. According to the Complaint, Plaintiffs reside at 519 Willing Street, Tamaqua, Pennsylvania 18252.

        b)      At all times material hereto, Sysco Leasing, LLC, is and was a business entity and citizen of the state of Delaware having its principal place of business at 1390 Enclave Parkway, Houston, Texas 77077. Thus, Sysco Leasing, LLC is deemed to be a citizen of Delaware and Texas.

c)      At all times material hereto, the members of Sysco Leasing, LLC, Russell T. Libby and Carmen Ng, are and were residents and citizens of Texas.

d)      The Complaint alleges that Defendant, Andrew Peterson, is and a resident and citizen of Delaware, with an address at 301 Jessica Drive, Lea Era Farms, Middleton, Delaware 19709.

13.     The reasonable value of the amount in controversy exceeds $75,000, exclusive of interest and costs in that:

a)      Based upon the fair reading of the Complaint, Plaintiffs have attempted to set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

b) In the Complaint, Plaintiff demand damages "in an amount in excess $50,000 (Fifty Thousand Dollars)." Therefore, Plaintiffs' demand exceeds $50,000.

d) The court must make an independent appraisal of the claim and "after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated" because the complaint does not contain a demand for an exact monetary amount. Casandra Johnson v. COSTCO Wholesale, Civil Action No. 99-CV-3576, United States District Court, E.D. Pennsylvania (September 22, 1999) (citing, Feldman v. New York Life Insurance, No. CIV. A. 97-4684, 1998 WL 94800, at 4 (E.D.Pa. Mar. 4, 1998); also see, Angus v. Shiley, Inc., 989 F.2d 142 at 146 (3rd Cir. 1993).

e)   The Court's appraisal of the claim must include "the reasonable value of potential compensatory as well as punitive damages." Id., (citing, Angus, 989 F.2d at 145-46.

f)   The court also may look to the Notice of Removal to assess the reasonable value of the amount in controversy. Id., (citing, Mangano v. Helina, No. CIV. A. 97-1678, 1997 WL 697952, at 5 (E.D.Pa. Nov. 3, 1997).

g)   The Complaint alleges that Plaintiff, David Scott, sustained the following injuries and damages as a result of the motor vehicle accident at issue herein:

18.   (a)   Cericalgia;

(b)   Cervical spondylosis;

(c)   C2-C3 bilateral facet arthrosis;

(d)   C3-C4 disc bulge

(e)   C4-C5 broad-based left posterolateral protrusion;

(f)   C5-C6 circumferential disc bulge;

(g)   C6-7 circumferential disc bulge;

(h)   C7-T1 left facet arthrosis;

(i)   Cervical strain/strain; (sic)

(j)   Right shoulder strain/sprain; and

(k)   Headaches.

19.   As a result of the foregoing injuries and natural consequences thereof, David J. Scott, has sustained physical and mental pain and suffering requiring ongoing medical treatment.

21.   David J. Scott continues to require treatment for the aforesaid injuries and natural consequences thereof.

4

23.     As a result of the aforesaid injuries and natural consequences thereof, David J. Scott's (sic) has sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same indefinitely.

24.     As a result of the aforesaid injuries and natural consequences thereof, David J. Scott has suffered embarrassment and humiliation and many (sic) continue to suffer the same indefinitely.

25.     As a result of the aforesaid injuries and natural consequences thereof, David J. Scott has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do the same indefinitely.

26.     As a result of the aforesaid injuries and natural consequences thereof, David J. Scott has sustained an impairment of his earning capacity/potential.

<u>See</u>, Ex. A at ¶¶ 18-26.

14.     Based on the diversity of the parties and the reasonable value of the amount in controversy, this action satisfies the requirements for removal set forth in 28 U.S.C. §1332.

15.     The undersigned has been retained as counsel for Defendant, Sysco Leasing, LLC and they consent to removal.

WHEREFORE, Defendants pray that the above action now pending against it in Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

RAWLE & HENDERSON LLP

By: _____
   Gary N. Stewart, Esquire
   Edward I. Wicks, Esquire
   Attorneys for Defendant,
   Sysco Leasing, LLC
   The Widener Building
   One South Penn Square
   Philadelphia, PA 19107
Dated:  October 18, 2017   (215) 575-4200

10960448-1